UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ,<br>      Plaintiff,<br><br>      v.<br><br>ELIZABETH ANN BRABY,<br>      Defendant. | Case No. 22-cv-00036-PJH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 27 |

Before the court is defendant's motion to dismiss. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for September 8, 2022, is VACATED. Having read the papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

### BACKGROUND

Plaintiff Andres Gomez filed his first amended complaint on June 21, 2022. Dkt. 23 ("FAC"). Plaintiff is legally blind and allegedly uses "screen reader software" (SRS) to read internet content on computers and mobile devises. Id. ¶¶ 10–11. Defendant Elizabeth Ann Braby allegedly owns and/or operates Corcoran Global Living, a real estate business located in Napa Valley. Id. ¶¶ 2–5. Defendant's business allegedly has a root domain of: htttps://www.bethbraby.com/. Id. ¶ 4.

Plaintiff alleges that he was a prospective customer of defendant's goods and services. Id. ¶ 15. He also alleges that he tried to access defendant's domain in March 2021 and July 2021 with the intent to get information about houses on sale in Northern

1   California. Id. ¶ 16. Plaintiff further alleges that he encountered numerous accessibility
2   design flaws on defendant's website that prevented him from navigating the website with
3   his SRS. Id. ¶¶ 16–17. Specifically, these alleged barriers include (1) the lack of a
4   button/link/function to alter the website to make it fully readable by SRS; (2) inaccessible
5   content that prevents the user from successfully navigating, understanding, and/or
6   completing required input information; (3) images that lack text equivalents that are
7   readable by SRS; and (4) "the visualization on the webpage contains impermissibly low
8   contrast enabling differentiation of background and foreground elements." Id. ¶ 17.
9   Plaintiff alleges that he was denied full and equal access to defendant's website due to
10  these barriers. Id. ¶ 22.

11  Plaintiff alleges that he is currently deterred from using defendant's website but
12  that he will return to the website to avail himself of its goods and/or services once
13  defendant represents the website is fully accessible. Id. ¶¶ 26–27. Plaintiff asserts
14  claims under the Americans with Disabilities Act ("ADA") and California's Unruh Civil
15  Rights Act ("Unruh Act"). Id. at 7–8.

16  On July 13, 2022, defendant filed a motion to dismiss pursuant to Rule 12(b)(1) of
17  the Federal Rules of Civil Procedure. Dkt. 27-1 at 10. Plaintiff failed to file an opposition
18  on or after the July 27, 2022, response deadline. Defendant did not file a reply.

**DISCUSSION**

**A.   Legal Standard**

21  A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's
22  subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of
23  limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction."
24  Kokkonen v. Guardian Life Ins. of Am., 511 U.S. 375, 377 (1994). The party invoking the
25  jurisdiction of the federal court bears the burden of establishing that the court has the
26  requisite subject matter jurisdiction to grant the relief requested. Id.

27  A challenge to subject matter jurisdiction may be facial or factual. See Safe Air for
28  Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is factual,

1  "the court need not presume the truthfulness of the plaintiff's allegations," and may review
2  extrinsic evidence beyond the complaint without converting a motion to dismiss into one
3  for summary judgment.  Id.  Once the moving party has made a factual challenge by
4  offering affidavits or other evidence to dispute the allegations in the complaint, the party
5  opposing the motion must "present affidavits or any other evidence necessary to satisfy
6  its burden of establishing that the court, in fact, possesses subject matter jurisdiction."
7  St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

**B.     Analysis**

Defendant moves to dismiss plaintiff's ADA claim for lack of standing.  Standing for an ADA claim requires "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability."  Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc., 603 F.3d 666, 670 (9th Cir. 2010).  For a website to cause a plaintiff cognizable injury, there must be a "nexus" between the inaccessible website and plaintiff's ability to access the services of the physical location of the public accommodation.  See Robles v. Domino's Pizza, LLC, 913 F.3d 898, 905 (9th Cir. 2019).  In Robles, for example, the Ninth Circuit found a nexus in an ADA case because the "alleged inaccessibility of Domino's website and app impedes [plaintiff's] access to the goods and services of its physical pizza franchises—which are places of public accommodation."  Id.

Here, plaintiff fails to show a nexus between his inability to use defendant's website and his ability to access defendant's services.  Although plaintiff vaguely alleges he accessed defendant's website with the intent to get information about houses on sale in Northern California, he does not allege an intent to use any of defendant's real estate services including purchasing a home.  As such, plaintiff does not allege an injury.  Several courts from this district reviewing a similar complaint from this same plaintiff have come to the same conclusion.  See, e.g., Gomez v. Wunderlich, No. 22-CV-00355-TSH,

2022 WL 2119120, at *3 (N.D. Cal. June 13, 2022) (noting that "although Gomez alleges he is a prospective customer who visited the website with the intent get [sic] information about houses on sale in Northern California, there is no nexus where the plaintiff is merely curious about the business") (internal quotation marks omitted); Gomez v. Miersch, No. 21-CV-08936-CRB, 2022 WL 1271009, at *2 (N.D. Cal. Apr. 28, 2022) (finding no nexus between website barriers and a physical location because plaintiff had "not specifically pleaded that there [was] a physical place of accommodation associated with [the website] that he intended to visit, nor ha[d] he pleaded that the website prevented him from visiting that location"); Gomez v. Smith, No. 21-CV-07154-RS, 2022 WL 117763, at *3 (N.D. Cal. Jan. 12, 2022) (finding no nexus because the plaintiff did not allege any "relevant physical place of public accommodation" he intended to visit).

Nor can plaintiff credibly make allegations that he intends to use defendant's real estate services, particularly defendant's broker services. Earlier this year plaintiff declared in another case that he enjoyed "window shopping" on real estate websites featuring Napa Valley homes but that he did "not presently have an intention to buy any specific property at a specific time." Gomez v. Gates Ests., Inc., No. C 21-7147 WHA, 2022 WL 458465, at *2 (N.D. Cal. Feb. 15, 2022). There, the district court similarly concluded that the "ADA does not protect [plaintiff's] general interest in being able to gather information from defendant's website unrelated to any desire to avail himself of defendant's actual services." Id. at *4. Accordingly, "a plaintiff who fails to allege any connection between the website barriers and a physical location does not have an ADA claim." Langer v. Pep Boys Manny Moe & Jack of California, 2021 WL 148237, at *5 (N.D. Cal. Jan. 15, 2021). Thus, plaintiff's ADA claim is dismissed.

Defendant also moves to dismiss plaintiff's Unruh Act claim on the same factual basis as plaintiff's ADA claim. "Courts in this district have declined to exercise supplemental jurisdiction over Unruh Act claims after dismissing the parallel ADA claim." Johnson v. Techbusiness Resources, LLC, 2020 WL 7013596, at *3 (N.D. Cal. Nov. 28, 2020). This court declines to exercise supplemental jurisdiction over the Unruh Act claim

4

because "it would not further the interest of judicial economy, convenience, fairness and comity." Id. (internal quotation marks omitted).

Finally, defendant requests the court dismiss plaintiff's FAC without leave to amend. Where a dismissal is warranted, a court "shall freely" give leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). If an amended complaint would be futile, a court may properly deny leave. See Foman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiff has neither opposed the motion to dismiss nor requested leave to amend his FAC. Thus, the court is left to guess what plaintiff could possibly add to the complaint to cure the deficiencies with his standing. Moreover, any new allegations from plaintiff regarding his deterrence from, or his intent to return to, defendant's business would likely contradict plaintiff's prior testimony and declarations. Specifically, plaintiff has testified or has declared that he is a resident of Florida, receives government benefits, and does not have a present interest in purchasing a home in Napa Valley. See Dkt. 27-2 (Sahelian Decl.) ¶¶ 7–9. Accordingly, the court finds any subsequent amendments to plaintiff's FAC would be futile.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss is GRANTED and plaintiff's FAC is dismissed without leave to amend.

**IT IS SO ORDERED.**

Dated: August 23, 2022

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge