UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ,<br>　　　　Plaintiff,<br>　　v.<br>ELIZABETH ANN BRABY,<br>　　　　Defendant. | Case No. 22-cv-00036-PJH<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES**<br>Re: Dkt. No. 37 |

Before the court is defendant's motion for attorneys' fees. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for November 3, 2022, is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**

Plaintiff Andres Gomez is legally blind and uses "screen reader software" ("SRS") to read internet content on computers and mobile devices. FAC ¶¶ 10-11. Plaintiff alleges that he was a prospective customer of defendant's real estate services. FAC ¶ 15. He alleges that he tried to access defendant's website in March 2021 and July 2021 with the intent to get information about houses for sale in Northern California. FAC ¶ 16. Plaintiff further alleges that he encountered numerous accessibility design flaws on defendant's website that prevented him from navigating the website with his SRS. FAC ¶¶ 16-17. Plaintiff contends that he was denied full and equal access to defendant's website due to these barriers. FAC ¶ 22.

Plaintiff filed the original complaint in this case on January 5, 2022.  Dkt. 1.  Plaintiff subsequently gave notice that the parties had reached a settlement (Dkt. 19), and the court conditionally dismissed the case based on the notice (Dkt. 20).  The court then reopened the case upon plaintiff's timely request when the settlement failed to be finalized.  Dkt. 22.

Plaintiff filed the first amended complaint ("FAC") on June 21, 2022.  Dkt. 23.  Following retention of new counsel, defendant filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Dkt. 27-1.  The court granted the motion to dismiss for lack of jurisdiction on August 23, 2022.  Dkt. 36.  Defendant now seeks an award of attorneys' fees on the basis that she prevailed on the motion to dismiss.

**DISCUSSION**

**A.   Legal Standard**

"[I]n order to encourage private enforcement of the law[,] Congress has legislated that in certain cases prevailing parties may recover their attorneys' fees from the opposing side."  Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008).  Under the ADA, the court may award a "prevailing party" "a reasonable attorney's fee, including litigation expenses, and costs."  42 U.S.C. § 12205.  This provision does not distinguish between plaintiffs and defendants, but the "policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant."  Kohler v. Bed Bath & Beyond of Cal., LLC, 780 F.3d 1260, 1266 (9th Cir. 2015) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 418-19 (1978)).  Accordingly, fees may be awarded to a prevailing defendant only when "the plaintiff's action was frivolous, unreasonable, or without foundation."  Kohler, 780 F.3d at 1266 (quoting Summers v. A. Teichert & Son, 127 F.3d 1150, 1154 (9th Cir. 1997) (internal quotation marks omitted)).  "Generally, a case may be deemed frivolous only when the result is obvious or the arguments of error are wholly without merit."  Hernandez v. Caliber Bodyworks LLC, No. 21-CV-05836-EMC, 2022 WL 2132914, at *3 (N.D. Cal. June 14, 2022) (internal citation omitted).  "The purpose of awarding fees to a

2

prevailing defendant is to deter the bringing of lawsuits without foundation." Id., at *3. The Ninth Circuit has "repeatedly cautioned that district courts should not engage in post hoc reasoning, awarding fees simply because a plaintiff did not ultimately prevail." Kohler, 780 F.3d 1260, 1266 (internal quotation marks and citations omitted).

**B. Analysis**

    **1. Whether Defendant Complied with Local Rules**

As a threshold matter, plaintiff argues that defendant's motion for attorneys' fees should be denied because defendant failed to comply with Civil Local Rule 54-5(a), which requires counsel to meet and confer for the purposes of resolving all disputed issues before filing a motion for attorneys' fees. There was no meet and confer prior to this motion. Further, Local Rule 54-5(b)(1) requires the party seeking attorneys' fees to file a declaration with a "statement with respect to the motion or a statement that no conference was held, with certification that the applying attorney made a good faith effort to arrange such a conference, setting forth the reasons the conference was not held." Defendant does not submit such a declaration.

Defendant makes no effort to acknowledge this deficiency. Instead, the reply brief implies that counsel's prior correspondence with plaintiff's counsel, warning of sanctions, satisfied the meet-and-confer requirement. See, e.g., Dkt. 41-3, Dkt. 41-7. Defense counsel did not even attempt to suggest that such meet-and-confer effort would have been futile. Rather, any acknowledgement of the Civil Local Rules is wholly lacking. The court therefore DENIES the motion based on this procedural defect.

Defendant argues at various points in her briefing that Rule 11 sanctions should be imposed where plaintiff's counsel was aware of the falsity of plaintiff's status as a potential real estate customer at the time of filing the amended pleading. Defendant did not file a separate motion for sanctions as is required by Civil Local rule 7-8(a). To the extent defendant's motion for attorneys' fees is premised on an award of attorney fees as Rule 11 sanctions, it does not comply with the Civil Local Rules. The court therefore also DENIES the motion based on this additional procedural defect.

### 2. Whether Fee-Shifting is Appropriate

As noted above, in civil rights cases like this one, it is appropriate to shift an award of attorneys' fees to the "prevailing party." 42 U.S.C. § 12205. There is no dispute that Braby is the prevailing party. The court accordingly considers whether "the plaintiff's action was frivolous, unreasonable, or without foundation" to support an award of attorneys' fees for the defendant. Kohler, 780 F.3d at 1266 (citation omitted).

A claim is frivolous "when the result is obvious or the . . . arguments of error are wholly without merit." C.W. v. Capistrano Unified Sch. Dist., 784 F.3d 1237, 1245 (9th Circ. 2015) (citation omitted). In other words, attorney fees for defendants should only be granted when the complaint was brought "without foundation." Christiansburg Garment Co., 434 U.S. at 420 (1978). A claim that was dismissed for lack of standing—as here—is considered frivolous when the plaintiff "had no reasonable foundation on which to bring the suit" or the plaintiff "knew or should have known that the Court would not have jurisdiction" after further factual development. Strojnik v. Portola Hotel, LLC, No. 19-CV-07579-VKD, 2021 WL 4172921, at *2 (N.D. Cal. Sept. 14, 2021).

Defendant argues that plaintiff lacked a reasonable foundation to bring this lawsuit on three bases. First, plaintiff did not plead any cognizable injury under the ADA where he failed to allege a nexus between defendant's alleged failure to provide a readable website using SRS, and his ability to access a physical location, or take advantage of defendant's services. Second, plaintiff was at no point a "prospective customer" given his Florida residency and his $900 monthly SSDI benefits, rendering his potential purchase of Northern California real estate implausible. Third, plaintiff admitted in a separate case that he was not a prospective customer, that he was instead a "window shopper" and a "dreamer." See Dkt. 37-3 at 3 (Decl. of Gomez filed in Gomez v. Gates Estates, Inc., 3:21-cv-07147-WHA, Dkt. 34-1 (N.D. Cal., Feb. 14, 2022)).

Plaintiff counters that frivolousness is not established here; rather, this case was brought to expand ADA law, to chart new territory regarding equal access to websites. Plaintiff argues that the court's conclusion that the complaint fell short was not a foregone

one in part because the nexus test relied on by the court has not been universally accepted. Erasmus v. Charles W. Perry, M.D., Inc., No. 221CV00915WBSKJN, 2021 WL 4429462, at *5 (E.D. Cal. Sept. 27, 2021) ("However, in [Robles v. Domino's Pizza, LLC, 913 F.3d 898, 905 (9th Cir. 2019)] the Ninth Circuit specifically declined to hold that such a [nexus] requirement exists."). And DOJ guidance suggests that a broader interpretation of the necessary connection between inaccessible elements on a website and access to a physical space is appropriate. Guidance on Web Accessibility and the ADA, ada.gov/resources/web-guidance/ (Published March 18, 2022). Plaintiff advances that he was entitled to test this novel civil rights issue without exposure to fee-shifting. Contrary to defendant's contention that plaintiff's theories have been refuted by the Ninth Circuit, plaintiff highlights that there is no binding authority rejecting the type of accessibility challenge rejected here. Plaintiff avers he was entitled to his day in court without risk of fee-shifting.

      Here, plaintiff has the winning argument. Plaintiff's theory was not doomed to failure at the time it was initially filed. Plaintiff filed several of these website cases simultaneously at the beginning of this year, but at the time this case was filed, not one of them had yet been dismissed. Further, as plaintiff notes, civil rights law is only expanded through test cases such as those in this series, presenting the novel theory of an ADA violation for failure to provide a readable website using SRS to access defendant's services. Plaintiff's theory stretched the bounds of an ADA accessibility case, but it was not wholly "without foundation." Christiansburg Garment Co., 434 U.S. at 420 (1978). The court disagrees with plaintiff's approach, but the novel theory presented in this case was not so devoid of merit as to reach the level of frivolous. This is not one of the cases in which fees must be shifted against plaintiff. The court therefore also DENIES defendant's motion on the merits.

      Before closing, the court pauses to note its concern with the general sloppiness that pervades the ADA litigation involving these firms. The Center for Disability Access and Potter Handy law firm, counsel for plaintiff, has earned a reputation for ignoring

General Order 56 and filing sloppily constructed, cut-and-paste briefs, often captioned with the wrong plaintiff's name and confusing facts from one case to the next. See, e.g., Johnson v. Fremi Corporation, 4:21-cv-08143-PJH, Dkt. 9 (N.D. Cal., Dec. 3, 2021) (listing Brian Whitaker in the caption instead of plaintiff Scott Johnson).  Defendant's counsel must be careful that he does not earn the same reputation for unprofessionalism by ignoring local rules and submitting such skimpy and insufficiently authenticated billing records as those proffered here.  See Dkt. 37-4.

## CONCLUSION

For the foregoing reasons, defendant's motion for attorneys' fees is DENIED.

**IT IS SO ORDERED.**

Dated: October 31, 2022

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge